

RECEIVED

JUL 02 2026

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

ARNOLD WESLEY FLOWERS II,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, acting through the
Transportation Security Administration (TSA),

    Defendant.

Case No.: __3:26-cv-00260-ACP__

Assigned Judge: ___Peterson___

## **COMPLAINT FOR DAMAGES**

(Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680)

Plaintiff Arnold Wesley Flowers II, proceeding pro se, brings this action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680, for personal injuries he sustained on January 5, 2023, while passing through a security screening checkpoint operated by the Transportation Security Administration ("TSA") at Ted Stevens Anchorage International Airport. In support of his claims, Plaintiff alleges as follows:

### **I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), which grants the United States District Courts exclusive jurisdiction over civil actions for money damages against the United States for personal injury caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his or her employment, under circumstances where a private person would be liable under the law of the place where the act or omission occurred.

2. The acts and omissions giving rise to this action occurred in the State of Alaska. Accordingly, the substantive tort law of the State of Alaska governs Plaintiff's claims pursuant to 28 U.S.C. § 1346(b)(1).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b) because Plaintiff resides in this District and because the acts and omissions complained of occurred in this District.

4. Pursuant to 28 U.S.C. § 2402, this action is to be tried by the Court without a jury.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has fully exhausted his administrative remedies as required by 28 U.S.C. § 2675(a). Plaintiff timely presented an administrative tort claim to the Transportation Security Administration arising from the incident described herein, seeking damages in the sum certain amount of $100,000.00.

6. By final agency decision dated January 8, 2026 (Claim No. 2023050380539), the TSA Office of Chief Counsel denied Plaintiff's administrative claim in its entirety. The denial letter constituted final agency action and advised Plaintiff of his right to file suit in an appropriate United States District Court not later than six months after the mailing date of the letter.

7. This Complaint is filed within six months of the mailing date of the final denial and is therefore timely under 28 U.S.C. § 2401(b).

## III. PARTIES

8. Plaintiff Arnold Wesley Flowers II is an adult individual and a resident of Anchorage, Alaska.

9. Defendant is the United States of America. At all times relevant to this Complaint, the Transportation Security Administration was an agency of the United States within the U.S. Department of Homeland Security, and the TSA personnel who acted or failed to act as described herein were employees of the United States acting within the scope of their employment. Under the FTCA, the United States is the proper Defendant for the conduct of TSA personnel.

## IV. FACTUAL ALLEGATIONS

10. On January 5, 2023, Plaintiff was a traveling passenger proceeding through the passenger security screening area operated by the TSA at Ted Stevens Anchorage International Airport in Anchorage, Alaska.

11. As a condition of passing through the screening checkpoint, and in accordance with TSA screening procedures, Plaintiff was required to remove his footwear and to walk through the screening area without the protection of his shoes.

12. While walking without footwear through screening Lane #4, as required, Plaintiff stepped on an industrial tack that was present on the floor of the screening area. The tack penetrated Plaintiff's foot, causing a puncture wound.

13. A TSA Supervisor, Ericka Dushkin, witnessed the injury and retrieved the industrial tack from the floor of the screening area.

14. Airport Police Officer Kevin Mader responded to the incident and prepared an official police report, Case No. AAP23-00019. Photographs of the tack and the location were taken by TSA Supervisor Ericka Dushkin and Officer Mader.

15. As a direct result of the puncture wound, Plaintiff sought and received emergency medical treatment on January 5, 2023, including wound care, a tetanus (Tdap) vaccination, and a prescription for antibiotic medication to guard against infection.

16. Plaintiff's injury did not resolve. On August 31, 2023, approximately eight months after the incident, Plaintiff was evaluated by Eugene M. Chang, M.D., an orthopedic specialist at Orthopedic Physicians Alaska in Anchorage, for continuing pain in his right foot. On examination, the site where the tack penetrated remained visible beneath the second metatarsophalangeal joint and was tender to palpation. Dr. Chang diagnosed right foot pain (ICD-10 code M79.671) and, in his clinical impression, attributed Plaintiff's residual pain to nerve irritation caused by the penetrating event, further noting that such nerve pain can persist for approximately eighteen to twenty-four months. Radiographic imaging of the right foot was normal, which is consistent with a soft-tissue and nerve injury caused by the puncture rather than any pre-existing condition.

17. At all relevant times, the TSA owned, operated, controlled, and maintained the passenger screening area where the injury occurred, including the floor surface on which passengers were required to walk without footwear.

18. The presence of a sharp industrial tack on the floor of an area where the TSA compelled passengers to walk without shoes created a dangerous and hazardous condition. This hazard was reasonably foreseeable and would have been discovered and remedied through the exercise of reasonable care, including reasonable inspection and maintenance of the screening area.

### COUNT I — NEGLIGENCE

19. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

20. The TSA, through its personnel acting within the scope of their employment, owed Plaintiff a duty of reasonable care to maintain the passenger screening area in a reasonably safe condition,

free of dangerous hazards, particularly in an area where passengers were required to walk without the protection of footwear.

21. This duty included the obligation to reasonably inspect the screening area, to identify and remove foreign objects and hazards from the floor, and to take reasonable measures to protect passengers from foreseeable harm.

22. The TSA breached that duty by negligently permitting a sharp industrial tack to remain on the floor of the screening area; by failing to reasonably inspect and maintain the screening area; and by failing to discover and remove the hazardous condition before it caused injury.

23. As a direct and proximate result of the TSA's negligence, Plaintiff stepped on the industrial tack and suffered a puncture wound to his foot, requiring emergency medical treatment and resulting in persistent, residual nerve pain that continued for many months after the injury, as documented on subsequent orthopedic evaluation.

24. As a direct and proximate result of the TSA's negligence, Plaintiff has suffered injuries and damages, including physical pain and suffering, ongoing and residual nerve pain, medical expenses, the risk and fear of infection necessitating vaccination and antibiotic treatment, limitation of his activities, and related harm, all in an amount to be proven at trial but not exceeding the sum certain of $100,000.00 presented in Plaintiff's administrative claim.

## COUNT II — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26. The TSA owed Plaintiff a duty of reasonable care as described above. The TSA breached that duty through the negligent acts and omissions described herein.

27. As a direct and proximate result of the TSA's negligence, Plaintiff sustained a physical injury — a puncture wound and resulting nerve injury — and accompanying emotional distress, including anxiety and apprehension arising from the wound, the attendant risk of serious infection that required vaccination and antibiotic treatment, and the persistence of his pain over many months.

28. Plaintiff's emotional distress is directly connected to and accompanied by physical injury, and is of a kind that a reasonable person would suffer under the same or similar circumstances.

29. As a direct and proximate result of the TSA's negligence, Plaintiff has suffered emotional distress and related damages, in an amount to be proven at trial, subject to the sum certain of $100,000.00 presented in Plaintiff's administrative claim.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arnold Wesley Flowers II respectfully requests that this Court enter judgment in his favor and against the United States of America as follows:

a. Awarding Plaintiff compensatory damages in an amount to be determined at trial, not to exceed the sum certain of $100,000.00 presented in Plaintiff's administrative claim, as permitted under 28 U.S.C. § 2675(b);

b. Awarding Plaintiff his costs of suit to the extent permitted by law;

c. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: _Arnold Wesley Flowers II_

Arnold Wesley Flowers II
Plaintiff, Pro Se
3600 Spenard Road, Apt. 306
Anchorage, Alaska 99503
Phone: (612) 513-1351
Email: melloflowers1114@gmail.com

## <u>VERIFICATION</u>

I, Arnold Wesley Flowers II, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in the above-captioned action, that I have read the foregoing Complaint for Damages, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed this ____2____ day of ____July____, 20_2 6_. in Anchorage, Alaska.

By: _Arnold Wesley Flowers II_

Arnold Wesley Flowers II
Plaintiff, Pro Se